# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2219 | DATE | JULY 14, 2004 |
| CASE TITLE | GLORIA MUNOZ v. SEVENTH AVENUE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to stay or, alternatively, to dismiss [7-1, 2] is denied. Within two weeks, defendant shall answer the complaint. By August 9, 2004, defendant shall answer plaintiff's motion for class certification [5]. Plaintiff's reply in support of class certification is due on August 30, 2004. All discovery is to be completed by October 29, 2004. A status hearing will be held on September 15, 2004 at 11:00 a.m.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | JUL 15 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | July 15, 2004 date mailed notice | |
| cw | courtroom deputy's initials | 2004 JUL 14 PM 3:15 | mqm | |
| | | Date/time received in Central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA MUNOZ,                )
                             )
            Plaintiff,       )
                             )
     v.                      )   No. 04 C 2219
                             )
SEVENTH AVENUE, INC.,        )
                             )
            Defendant.       )

DOCKETED
JUL 1 5 2004

## MEMORANDUM OPINION AND ORDER

In this putative class action, plaintiff Gloria Munoz alleges that defendant Seventh Avenue, Inc. violated a provision of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1642, which provides in part: "No credit card shall be issued except in response to a request or application therefor." Plaintiff contends that a Seventh Avenue catalog that she received contained an unsolicited credit card. Defendant contends it was an offer of credit that did not constitute a credit card as that term is used in § 1642. Presently pending is defendant's motion to stay pending arbitration or, alternatively, a motion to

13

dismiss the complaint for failing to state a claim upon which relief may be granted.

The motion to stay pending arbitration must be decided first since this court should not consider the merits of the § 1642 claim if the issue should instead be before an arbitrator. It is undisputed that the order form sent to plaintiff had an arbitration provision on the reverse side. It is a broadly written provision applying to "[a]ll disputes, claims, or controversies arising from or relating to these rules or the relationships which result from this purchase contract." Plaintiff does not disagree with defendant's contention that, if enforceable against plaintiff, the arbitration provision would apply to plaintiff's claim. Plaintiff, however, disputes its applicability to any claim of plaintiff because plaintiff never entered into any agreement with defendant. Whether a contract exists between the parties is an issue for the court to decide, not the arbitrator. Sphere Drake Insurance Ltd. v. All American Insurance Co., 256 F.3d 587, 589-91 (7th Cir. 2001).

Plaintiff states in an affidavit:

> 2. At no time did I agree, in writing or otherwise, to the resolution of any claims against Seventh Avenue, Inc., through binding arbitration.
> 3. At no time did I enter into any agreement at all with Seventh Avenue, Inc. On the contrary, I am complaining that they sent me

> a credit card without any agreement from me, or
> request by me.

There is no allegation or contention by defendant that plaintiff purchased any item from the catalog or requested any credit that was offered.

Since plaintiff never accepted any offer that was made by defendant, there is no basis for finding that plaintiff agreed to arbitrate any dispute she has with defendant. See Gibson v. Neighborhood Health Clinics, Inc., 121 F.3d 1126, 1130 (7th Cir. 1997); Schacht v. Beacon Insurance Co., 742 F.2d 386, 390 (7th Cir. 1984). See also Colfax Envelope Corp. v. Local No. 458-3M, 20 F.3d 750, 754 (7th Cir. 1994). Defendant has not alleged or pointed to any sufficient basis for finding that plaintiff agreed to arbitrate the parties' dispute. Defendant's motion for a stay will be denied. The merits of the motion to dismiss will be considered.

On a Rule 12(b)(6) motion to dismiss, plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and

plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir.1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). It is unnecessary to plead facts that would negate an affirmative defense. Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001); Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Wade v. Henderson, 2002 WL 15697 *1 (N.D. Ill. Jan. 4, 2002). It is also true, however, that a plaintiff can plead herself out of court by alleging facts showing there is no viable claim. Jackson, 66 F.3d at 153-54; Tregenza, 12 F.3d at 718; Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Attaching actual documents to the complaint will override inconsistent descriptions of those documents alleged in the body of the complaint. See In re Wade, 969 F.2d 241, 249 (7th Cir. 1992); Beam v. IPCO Corp., 838 F.2d 242, 244-45 (7th Cir. 1988).

Documents that are referred to in the complaint and that are central to a claim that is made may be considered even if not attached to the complaint. Duferco Steel Inc. v. M/V Kalisti, 121 F.3d 321, 324 n.3 (7th Cir. 1997); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); Minuteman International, Inc. v. Great American Insurance Co., 2004 WL 603482 *1 (N.D. Ill. March 22, 2004); Hebein ex rel. Berman v. Young, 37 F. Supp. 2d 1035, 1038-39 (N.D. Ill. 1998).

Plaintiff has alleged that a credit card was sent to her. However, she also attached to the complaint a copy of the page of the catalog that she contends included the credit card. Attached to defendant's motion to dismiss are additional pages of the catalog. These additional pages may be considered because the document is central to plaintiff's allegations. Plaintiff does not object to consideration of the additional pages nor contend that the copy is inaccurate. To the extent the catalog itself shows that no credit card was included, that must be taken as true instead of plaintiff's conclusory allegation that a credit card was sent.

Plaintiff contends that a page of the Seventh Avenue catalog that was sent to her includes a credit card. That page is reproduced on the next page of this opinoin.

# SEVENTH AVENUE

1112 Seventh Avenue • Monroe, Wisconsin

## YOUR ACCOUNT IS NOW OPEN!

**Welcome!**

Here's your new Spring Catalog—full of exciting discoveries in home furnishings and decoratives, gifts, apparel, jewelry and accessories, collectibles, and much, much more!

**Your CHOOSE 'N CHARGE® account makes it so easy.** Just place your order, and your payments could be as little as $20 a month! And, if you're adding to your outstanding account, your payments may not increase at all. The complete terms of your convenient credit are on the back of the center order form.

**Discover the fun of shopping from your new Seventh Avenue catalog!** Just send either order form, give us a call, or go to our web site for this easy payment plan. Let us know which "discoveries" you want, and we'll do all the rest!

Sincerely,

Kate Kubly

P.S.
YOUR ACCOUNT
IS PRE-APPROVED!

## YOU CAN CHARGE

UP TO $1,000.00

AND PAY ONLY $35 a month

(See credit terms on back of center order form.)



Look for this symbol throughout your catalog. It means you've discovered a Seventh Avenue Exclusive, available only here!

©2004 Seventh Avenue, Inc.

**MONTHLY PAYMENT PLAN**

Order now and pay later.

Pay as little as $20 a month.

Order again, and your payments may not increase.

# SEVENTH AVENUE
*Your Catalog of Great Discoveries*

GLORIA MUNOZ
CHOOSE 'N CHARGE ACCOUNT NUMBER
[10-digit number deleted]
NONTRANSFERABLE
VALID THRU 7/04

www.SeventhAvenue.com

The order form provided with the catalog also contains the account number, the statement that "YOUR ACCOUNT IS PRE-APPROVED!," and that plaintiff could charge up to $1000.00 and pay only $35 a month. The order form provides three payment options when ordering: (1) pay by a general credit or debit card; (2) enclose a check or money order; or (3) "CHOOSE 'N CHARGE - - -Bill me monthly according to the easy payment plan terms and conditions on the back of this order form." There is also an "express order form" that only permits charging to the Choose 'N Charge account and again contains the account number, that the account is pre-approved, and references to making no payment now and being billed monthly.

The reverse side of the order form contains terms that are customary for credit card accounts. It also contains the following statement, which is not highlighted in any way. "All credit orders are subject to credit approval. Terms of The Offer: Information contained in a consumer report on you received from a credit reporting agency was used by us in connection with this offer of credit. This offer was made because that report indicated you satisfied the criteria for credit-worthiness used to select consumers for this offer. You may receive an account with a credit line ranging from a minimum of $50.00 up to the amount stated in this offer, or a higher amount specified by us."

Section 1642, which is part of TILA, prohibits the issuance of a credit card absent a prior request or application from the consumer. See 15 U.S.C. § 1642; 12 C.F.R. § 226.12(a);[1] Swift v. First USA Bank, 1999 WL 350847 *2-4 (N.D. Ill. May 21, 1999). Under the Fair Credit Reporting Act ("FCRA"), a credit reporting agency may provide a creditor with a list of unsolicited consumers who meet certain credit criteria and the creditor may send firm offers of credit that are conditional on the consumer satisfying certain criteria. See 15 U.S.C. §§ 1681b(c)(1)(B), 1681a(l), 1681m(d)(1); Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839-841 (5th Cir. 2004); Tucker v. New Rogers Pontiac, 2003 WL 22078297 *2-5 (N.D. Ill. Sept. 9, 2003).

Defendant contends its offer constituted a firm offer of credit and plaintiff does not argue otherwise, only noting that whether the mailing constituted a firm offer of credit is irrelevant. Plaintiff is correct. No provision of the FCRA permits firm offers of credit to an unsolicited consumer to be accompanied by the issuance of a credit card. Nor does TILA contain any such exception to § 1642. Thus, even if defendant's mailing qualified as a firm offer of credit under the FCRA, § 1642 was violated if that firm offer was accompanied by the

---

[1]12 C.F.R. § 226 is commonly referred to as "Regulation Z."

issuance of a credit card. Thus, the issue as to the merits of plaintiff's § 1642 claim is whether the form with an account number that was included in the catalog was an issued credit card as that term is used in TILA.

The statute defines a "credit card" as meaning "any card, plate, coupon book or other credit device existing for the purpose of obtaining money, property, labor, or services on credit." 15 U.S.C. § 1602(k). The term "credit device" is not further defined. Regulation Z defines "credit card" as meaning "any card, plate, coupon book, or other single credit device that may be used from time to time to obtain credit." 12 C.F.R. § 226.2(15).

Defendant argues that the piece of paper that is claimed to be a credit card in this case does not qualify as such because it does not meet the standards for a credit card as defined by the American National Standards Institute (ANSI) and International Organization for Standardization (ISO), including standards as to thickness, having a magnetic strip, and using a 16-digit account number. The statutory definition of credit card, however, is broader than the ANSI and ISO standards. The statutory definition refers to "any card," not just a specific type of card. Moreover, the statutory definition is not limited to a card; it also includes *any* plate, coupon book, or credit device as long as it is used to obtain cash, property, or

services on credit. The particular shape or format of the device is of little import.

Defendant relies on United States v. Callihan, 666 F.2d 422 (9th Cir. 1982), which considered whether transporting a fraudulently obtained or stolen credit card in violation of 15 U.S.C. § 1644(b), a criminal provision of TILA, included the act of communicating fraudulently obtained credit card account numbers via telephone. Callihan, 666 F.2d at 423-24, held that this use of account numbers did not qualify as transportation of a credit card. "We hold . . . that the term 'credit card' as used in section 1644 means the small, flat tablet upon which a credit card account number is imprinted, but does not mean that number alone." Id. at 424. Callihan, however, simply relied on the plain language "credit card," which is contained in § 1644 itself. Callihan did not consider that "credit card," as used in § 1644, is defined in § 1602(k). Thus, Callihan failed to consider that, for purposes of TILA, Congress had defined "credit card" more broadly than its plain and common usage. Also, Callihan was considering transportation of a credit card, not issuance or use. Additionally, since considering the criminal provision of TILA, Callihan applied the rule that criminal statutes should be construed with lenity. See id. at 424. In the present case, a civil provision of TILA is under consideration. Therefore, a different rule applies, which is to

liberally construe a remedial statute in order to serve its remedial purpose, which means liberally construing TILA in favor of a consumer such as plaintiff. Roberts v. Fleet Bank (R.I.), 342 F.3d 260, 267 (3d Cir. 2003); Schnall v. Marine Midland Bank, 225 F.3d 263, 267 (2d Cir. 2000).

Although not cited by either party, a subsequent Fourth Circuit case rejected Callihan's conclusion that a credit card account number did not qualify as a credit card as that term is used in § 1644. See United States v. Bice-Bey, 701 F.2d 1086, 1091-92 (4th Cir.), cert. denied, 464 U.S. 837 (1983). Bice-Bey involved fraudulently using a credit card in violation of § 1644(a). In Bice-Bey, the court expressly considered § 1602(k)'s definition of credit card. The Fourth Circuit considered the rule of lenity, but also noted that it needed to be "mindful" of its "obligation not to defeat the congressional purpose in creating a federal crime." Id. at 1092. The Fourth Circuit rejected an "overliteralistic" reading of the statute. Id. "The core element of a 'credit card' is the account number, not the piece of plastic. As this case illustrates, the 'credit card' can be used over the telephone without the seller ever seeing the plastic card itself. The credit numbers Bice-Bey used were not hers and she had no authorization to use them. If she obtained them by ascertaining secretly the numbers belonging to Matthews and Bernstein, she was in effect stealing or

fraudulently obtaining the essential element of the cards. In any event, by representing credit card numbers belonging to other persons as credit accounts belonging to 'Jane Johnson,' Bice-Bey was using a fictitious '_credit device_' in violation of the statute. To hold otherwise would be, in our view, to defeat the plain intent of Congress in enacting this statute. Id. (citing 15 U.S.C. § 1602(k)) (emphasis added).

Section 1602(k) contains a broad definition of "credit card" which encompasses items that are not within the common understanding of the term credit card, such as a "coupon book" or "other credit device." The form with an account number that was printed on the previously reproduced page of the Seventh Avenue catalog was a device that could be used to purchase property on credit. It is in the shape of a card, but apparently was not perforated or otherwise readily separated from the entire page of the catalog. But even if it was not "any card" as that term is used in § 1602(k), the form and account number provided certainly would qualify as a credit device as that term is used in § 1602(k). See Bice-Bey, 701 F.2d at 1092. Cf. Swift, 1999 WL 350847 at *3; State v. Love, 246 Conn. 402, 717 A.2d 670, 674 (1998). Additionally, the Choose 'N Charge terms contained on the reverse side of the order form of the catalog are fully consistent with this being a credit card account. Since an

account number already existed, and plaintiff did not have to complete any application, the credit card must be condidered an issued credit card. Cf. Swift, 1999 WL 350847 at *3.

By sending out a pre-approved account number, defendant's catalog went beyond containing merely a firm offer of credit. On the factual allegations presently before the court, the catalog also contained an issued credit device, which constitutes a credit card as that term is used in § 1642 and defined in § 1602(k). The motion to dismiss will be denied.

A briefing schedule will be set for plaintiff's pending motion for class certification. In defendant's answer to that motion and plaintiff's reply, the parties shall address the question of whether the definition of the proposed class should exclude potential class members who actually used a Choose 'N Charge account to purchase items and therefore may have TILA claims that are subject to arbitration.

IT IS THEREFORE ORDERED that defendant's motion to stay or, alternatively, to dismiss [7-1, 2] is denied. Within two weeks, defendant shall answer the complaint. By August 9, 2004, defendant shall answer plaintiff's motion for class certification [5]. Plaintiff's reply in support of class certification is due on August 30, 2004. All discovery is to be

completed by October 29, 2004. A status hearing will be held on September 15, 2004 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: July 14, 2004